```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

                                              ORDER
            -against-                         17-CR-0331(1)(JS)(AYS)

TYQUAN DUDLEY,
                    Defendant.
----------------------------------X
APPEARANCES
For United States:    Matthew Haggans, Esq.
                      Madeline M. O'Connor, Esq.
                      United States Attorney's Office
                      Eastern District of New York
                      271 Cadman Plaza East
                      Brooklyn, New York 11201

For Defendant:        Tyquan Dudley, pro se
                      #90080053
                      Allenwood Medium
                      Federal Correctional Institution
                      P.O. Box 2000
                      White Deer, Pennsylvania 17887
```

SEYBERT, District Judge:

On December 10, 2020, the Court received an undated, one-page letter from Defendant Tyquan Dudley ("Defendant"), proceeding pro se, requesting compassionate release. (See Letter Motion, ECF No. 75.) For the reasons that follow, the Letter Motion is denied without prejudice to renew.

Defendant states[1] that he is "currently in the s.h.u on quarantine because ive tested Postive for the covid-19 virus and been here for the past few days . . . ." (Letter Motion.) He also asserts that "things don't seem to be getting any better" and

---

[1] Excerpts from the Letter Motion are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

1

that he has "astema which is very bad around this time of year." (Id.)  Defendant requests that the Court "look into [his] situation."  (Id.)  He does not state whether he first sought any relief from the Bureau of Prisons ("BOP").  (See id.)

The Court construes the Letter Motion as one seeking relief pursuant to the First Step Act, see 18 U.S.C. § 3582(c)(1)(A).  The First Step Act allows a court to modify a defendant's sentence upon a motion of either (1) the Director of the BOP or (2) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Thus, where a defendant seeks relief under the First Step Act, the defendant must first make his request to the BOP, which is provided a 30-day window within which to act; only if the defendant's request is denied or the 30-day period has expired without the BOP acting may a defendant then seek relief from the Court.  See United States v. Woodson, 452 F. Supp. 3d 31, 34 (S.D.N.Y. 2020)(declining to waive statutorily mandated exhaustion requirement of the First Step Act in denying, without prejudice, request for compassionate release based upon concerns regarding COVID-19); see also id. at 36 (collecting cases where courts denied compassionate release requests because prisoners had not first sought relief from the BOP).

Here, there is no evidence that Defendant first made his compassionate release request to the warden, or otherwise began the process of seeking administrative relief, as is statutorily required.  In the absence of such evidence showing compliance with the First Step Act, Defendant's Letter Motion for compassionate release is DENIED without prejudice.  If Defendant (1) fully exhausts his BOP administrative remedies and receives an

unfavorable disposition, or (2) submits a request to the prison warden, but does not receive a decision within the 30-day time-period the BOP has to act, Defendant may then properly seek judicial relief, which should include evidence of complying with the First Step Act's mandatory administrative exhaustion requirement.

Accordingly, IT IS ORDERED that Defendant's Letter Motion is DENIED without prejudice to renew if he can provide proof of exhausting his administrative remedy with the BOP.

The Clerk of Court is directed to mail a copy of this Order to the pro se Defendant, noting on the mailing envelope that it is "LEGAL MAIL".

**SO ORDERED.**

/s/ *Joanna Seybert*
JOANNA SEYBERT, U.S.D.J.

Dated: December 17, 2020
       Central Islip, New York